IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY INFUSION CARE, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3752 |
| | § | |
| UNICARE HEALTH PLANS | § | |
| OF TEXAS, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss [Doc. # 9] (the "Motion") filed by Defendant UniCare Health Plans of Texas ("UHPT"). Plaintiff Quality Infusion Care, Inc. ("Quality Infusion") has not responded to the Motion. Upon review of the Motion, all matters of record, and the applicable law, the Court concludes that the Motion should be **granted**.

## I.  BACKGROUND

As alleged in Plaintiff's Original Petition[1] and the Motion, Quality Infusion is a licensed Texas-based pharmacy which "specializes in dispensing prescription drugs . . . for home infusion therapy to patients who are seriously ill."[2] An individual

---

[1]  *See* Plaintiff's Original Petition ("Petition"), Notice of Removal [Doc. # 1], at 11.

[2]  *Id.* at 12.

whom UHPT identifies as "L.K."[3] obtained medication and services through Quality Infusion, incurring a $29,231.25 bill. Quality Infusion obtained an assignment of L.K.'s rights under "an ERISA-governed managed care employee welfare benefit plan" (the "Plan"), which was administered by UHPT.[4] Quality Infusion then attempted to recover its expenses with regards to L.K.'s treatment from UHPT, but UHPT denied the claim because, it alleged, Quality Infusion was an out-of-network provider.[5]

Quality Infusion then filed an action in Texas State court, alleging one cause of action, specifically, that UHPT's failure to pay Quality Infusion's claim violated the Texas "Any Willing Provider" statute (the "AWP" statute).[6] UHPT removed this case to federal court, alleging that Plaintiff's claim was preempted by the Employee

---

[3]  *See* Motion, at 2 and *passim*. Plaintiff identifies L.K. by name in the Original Petition. Because the individual's identity is irrelevant to the disposition of this case, the Court uses the patient's initials only to preserve privacy.

[4]  Motion, at 2.

[5]  Petition, at 13.

[6]  Petition, at 14 (citing TEX. INS. CODE ANN. art. 21.52B § 2). The Texas AWP statute states that a managed-care plan may not:

> (1)  prohibit or limit a person who is a beneficiary of the policy from selecting a pharmacy or pharmacist of the person's choice . . . ;
>
> (2)  deny a pharmacy or pharmacist the right to participate as a contract provider under the policy or plan . . . ; or
>
> (3)  require a beneficiary of a policy or a participant in a plan to obtain or request a specific quantity or dosage supply of pharmaceutical products.

TEX. INS. CODE ANN. art. 21.52B § 2(a)(1)-(3).

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*[7] Plaintiff did not file or seek leave to file an amended complaint. In the Motion, UHPT again contends that Quality Infusion's AWP statute claim is completely preempted by § 502 of ERISA, 29 U.S.C. § 1132, and must be dismissed for failing to state a claim upon which relief may be granted.

## II.   LEGAL STANDARD

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Thus, the Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Manguno*, 276 F.3d at 725.

---

[7]   Notice of removal, at 3-4.

## III.   ANALYSIS

ERISA authorizes suits "to recover benefits due to [a beneficiary or subrogee] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  This provision completely preempts a party who,"at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," "where there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

The Fifth Circuit has held that the Texas AWP statute is generally preempted by ERISA.  *See Texas Pharmacy Assoc. v. Prudential Ins. Co. of America*, 105 F.3d 1035, 1036 (5th Cir. 1997) ("the Texas statute relates to ERISA plans because it 'eliminates the choice of one method of structuring benefits,' by prohibiting plans from contracting with pharmacy networks that exclude any willing provider") (citing *CIGNA Healthplan of Louisiana v. Louisiana*, 82 F.3d 642, 648 (5th Cir. 1996)).  Recently, in cases highly analogous to the one here,  courts in this District have held that state AWP claims brought by Quality Infusion were preempted by 29 U.S.C. § 1132(a)(1)(B).  *See Quality Infusion Care, Inc. v. Unicare Health Plans of Texas,* 2007 WL 760368 (S.D. Tex. March 8, 2007) (Lake, J.); *Quality Infusion Care Inc. v. Aetna Health Inc.*, 2006 WL 3813774, (S.D. Tex. December 26, 2006) (Rosenthal, J.).

In *Aetna Health Inc.*, Judge Rosenthal noted that the Fifth Circuit's holding in *Texas Pharmacy* relies on a test later repudiated by the Supreme Court. *See Aetna Health Inc.*, 2006 WL 3813774 at *6 (citing *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003)). "The Fifth Circuit has not specifically reexamined *Texas Pharmacy* to determine whether it has been abrogated by *Miller*." *Id*. Nevertheless, recently the Supreme Court ruled that any state law that "provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme" is subject to preemption. *Davila*, 542 U.S. at 217-18; *see also Aetna Health Inc.*, 2006 WL 3813774 at *7 ("a state-law cause of action is preempted if it arises from a duty created by ERISA or the terms of the relevant health benefit plan"). Thus, Quality Infusion's AWP claim is preempted by ERISA.

Through the Notice of removal and the pending Motion to Dismiss, UHPT put Quality Infusion on notice of the deficiency in its pleading and theory. Quality Infusion nevertheless has not amended its claim, nor argued that its existing claim is cognizable as an ERISA violation.[8] Indeed, Quality Infusion has not responded to UHPT's Motion to Dismiss. There is accordingly no set of facts which would entitle Quality Infusion

---

[8] This case has been pending for seven months in federal court. The deadline for amending pleadings under the Docket Control Order [Doc. # 7] agreed to by the parties and entered by the Court was April 30, 2007. That deadline has passed and Quality Infusion has preserved no good cause for an amendment at this time. It is now too late to do so.

to relief under its asserted state law claim, and dismissal under Rule 12(b)(6) is appropriate. It is therefore

**ORDERED** that Defendant UniCare Health Plans of Texas's Motion to Dismiss [Doc. # 9] is **GRANTED**. The Court will issue a separate final order of dismissal.

**SIGNED** at Houston, Texas, this 29th day of June, 2007.

_____
Nancy F. Atlas
United States District Judge